IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JANET FAE WEAVER,**                                **6:16-cv-01471-BR**

      **Plaintiff,**                                 **OPINION AND ORDER**

**v.**

**NANCY A. BERRYHILL,**[1]
**Acting Commissioner, Social**
**Security Administration,**

      **Defendant.**


**ALAN STUART GRAF**
208 Pine St.
Floyd, VA 24091
(540) 745-2519

      Attorney for Plaintiff

---

[1] On January 23, 2017, Nancy A. Berryhill was appointed Acting Commissioner of Social Security and pursuant to Federal Rule of Civil Procedure 25(d) is substituted as Defendant in this action.

1 - OPINION AND ORDER

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**LISA GOLDOFTAS**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/A 221A
Seattle, WA 98104
(206) 615-3858

    Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Janet Fae Weaver seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on February 22, 2012,

alleging a disability onset date of April 30, 2011.  Tr. 102.[2]
The application was denied initially and on reconsideration.  An
Administrative Law Judge (ALJ) held a hearing on April 16, 2014.
Tr. 41-97.  Plaintiff was represented by an attorney at the
hearing.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on October 16, 2014, in which she
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 25-34.  Pursuant to 20 C.F.R. § 404.984(d) that
decision became the final decision of the Commissioner on May 16,
2016, when the Appeals Council denied Plaintiff's request for
review.  Tr. 1-7.  *See Sims v. Apfel*, 530 U.S. 103, 106-07
(2000).

### BACKGROUND

Plaintiff was born on November 11, 1961, and was 52 years
old at the time of the hearing.  Tr. 135.  Plaintiff completed
either eighth, ninth, or tenth grade[3] and received training as a
certified nurse assistant (CNA) and a certified medication aide.
Tr. 245.  Plaintiff has past relevant work experience as a  CNA
and certified medication aide.  Tr. 32.

---

[2] Citations to the official transcript of record filed by the Commissioner on January 30, 2017, are referred to as "Tr."

[3] Plaintiff stated at various points in the record that she completed eight, ninth, or tenth grade. *See, e.g.,* Tr. 69, 238, 245, 661.

3 - OPINION AND ORDER

Plaintiff alleges disability due to fibromyalgia, depression, anxiety, high blood pressure, and arthritis. Tr. 102.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 28, 30-32.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42

4 - OPINION AND ORDER

U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

**DISABILITY ANALYSIS**

**I.    The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must

6 - OPINION AND ORDER

assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set

7 - OPINION AND ORDER

forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff had not engaged in substantial gainful activity since her April 30, 2011, alleged onset date. Tr. 72.

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative disc disease and obesity. Tr. 27. The ALJ found Plaintiff's hypertension, depression, and anxiety are nonsevere. Tr. 28-29.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 29. The ALJ found Plaintiff has the RFC to perform light work with the following limitations: Plaintiff can stand and walk for six hours in an eight-hour work day; can sit for six hours in an eight-hour work day "with normal breaks"; can push and pull "within light exertional limits"; can occasionally reach overhead, stoop, kneel, crouch, and crawl; and can never climb ladders, ropes, or scaffolds. Tr. 29.

At Step Four the ALJ found Plaintiff can perform her past relevant work as a certified medication aide. Tr. 32.

At Step Five the ALJ found, in the alternative, that Plaintiff can perform jobs that exist in significant numbers in the national economy. Tr. 34. Accordingly, the ALJ found Plaintiff is not disabled.

**DISCUSSION**

Plaintiff contends (1) the Appeals Council erred when it failed to remand this case to the ALJ for consideration of new evidence submitted by Plaintiff to the Appeals Council after the ALJ's decision; (2) the ALJ erred when she partially rejected Plaintiff's testimony; (3) the ALJ erred when she gave "little weight" to the opinion of Plaintiff's treating physician, Magha Dissanayake, M.D.; and (4) the ALJ erred when she gave little weight to the opinion of Devon Parks, P.A.C.

**I. The Appeals Council erred when it failed to remand this case to the ALJ for consideration of new evidence submitted by Plaintiff to the Appeals Council after the ALJ's decision.**

On February 10, 2015, almost ten months after the hearing and almost eight months after the ALJ issued her opinion, Plaintiff submitted additional evidence to the Appeals Council including the psychological evaluation and mental RFC opinion of Scott Alvord, Psy.D., examining psychologist. Dr. Alvord conducted psychological evaluations of Plaintiff in December 2014 and January 2015. Dr. Alvord concluded Plaintiff functions "in the low average range regarding IQ and memory . . . [and]

9 - OPINION AND ORDER

globally regarding neurocognitive abilities." Tr. 667.
Dr. Alvord noted Plaintiff's "primary limitations related to every day adaptive functioning are judged secondary to pain issues. . . . [A] combination of physical issues as well as psychiatric stress manifested physically is contributing to pain that is several days a week keeping her in bed." Tr. 667.
Dr. Alvord completed a Mental Residual Functional Capacity check-the-box report in which he opined Plaintiff was moderately limited in her ability to understand and to remember detailed instructions, to carry out detailed instructions, to maintain concentration and attention for extended period, to perform activities within a schedule, to maintain regular attendance, to be punctual within "customary tolerances," to sustain an ordinary routine without special supervision, to work in coordination with or in proximity to others without being distracted by them, to complete a normal workday and workweek without interruptions from psychologically based symptoms, to perform at a consistent pace without an unreasonable number and length of rest periods, to interact appropriately with the general public, to respond appropriately to changes in the work setting, to travel in unfamiliar places, and to set realistic goals. Tr. 669-71. Dr. Alvord did not find Plaintiff suffered marked limitations in any area of understanding and memory, sustained concentration and persistence, social interaction, or adaptation.

The Appeals Council considered Dr. Alvord's opinion and concluded it "does not provide a basis for changing the [ALJ's] decision." Tr. 2. Plaintiff contends the Appeals Council erred when it failed to remand this case to the ALJ for consideration of Dr. Alvord's opinion.

The Ninth Circuit has held

> when a claimant submits evidence for the first time to the Appeals Council, which considers the evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.

*Brewes*, 682 F.3d at 1159-60.

Plaintiff asserts Dr. Alvord's opinion establishes the ALJ's decision was not based on substantial evidence in the record. Specifically, Plaintiff notes the ALJ did not find Plaintiff had any mental impairments and concluded Plaintiff's only severe impairments were degenerative disc disease and obesity. In reaching that conclusion the ALJ noted Plaintiff's mental status examinations in the record were "relatively unremarkable" and Plaintiff's depression "was asymptomatic in June and September 2014." Tr. 28. The ALJ also relied on the May and August 2012 opinions of nonexamining psychologists who stated Plaintiff had only mild limitations in her activities of daily living and social functioning and no limitations in concentration, persistence, or pace. Tr. 28. The ALJ did not cite to the

11 - OPINION AND ORDER

opinion of any treating or examining psychiatrist or psychologist to support her conclusion that Plaintiff does not have any mental impairments. Dr. Alvord is an examining psychologist and, therefore, the opinions of the nonexamining psychologists alone are insufficient to reject Dr. Alvord's opinion. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996)("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."). In addition, the opinion of Dr. Dissanayake, treating physician, supports Dr. Alvord's concerns regarding Plaintiff's mental impairments. Specifically, Dr. Dissanayake opined Plaintiff's symptoms would interfere with her concentration, persistence, and focus. Tr. 32.

On this record the Court concludes Dr. Alvord's opinion establishes the ALJ's decision is not supported by substantial evidence. The Court, therefore, concludes the Appeals Council erred when it failed to remand this case to the ALJ for consideration of Dr. Alvord's opinion.

## II. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed

and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court. *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

13 - OPINION AND ORDER

Because the Appeals Council erred when it failed to remand this case to the ALJ for consideration of Dr. Alvord's opinion and because the ALJ's errors alleged by Plaintiff were based in part on the absence in the record of evidence of Plaintiff's mental impairments, the Court remands this matter for the ALJ to conduct further administrative proceedings consistent with this Opinion and Order and specifically to consider Dr. Alvord's opinion and to reevaluate Plaintiff's alleged mental impairments, Plaintiff's testimony, and the opinions of Dr. Dissanyake and P.A.C. Parks in light of Dr. Alvord's opinion.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 17th day of October, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge